# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **EDEKKA LLC,** | |
| Plaintiff, | **CIVIL ACTION NO. 2:15-cv-541-JRG** |
| v. | |
| **3BALLS.COM, INC.,** | **CONSOLIDATED CASE** |
| Defendant. | **JURY TRIAL DEMANDED** |
| **EDEKKA LLC,** | |
| Plaintiff, | **CIVIL ACTION NO. 2:15-cv-585-JRG** |
| v. | |
| **E REVOLUTION VENTURES, INC.,** | **CONSOLIDATED CASE** |
| Defendant. | **JURY TRIAL DEMANDED** |

## EDEKKA LLC'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' CONSOLIDATED MOTION FOR ATTORNEY'S FEES

eDekka LLC ("eDekka") files this Sur-Reply in opposition to a consolidated motion for attorney's fees by certain defendants.[1] The Court should deny the defendants' motion because the substantive strength of eDekka's case is not exceptional and eDekka litigated in a reasonable manner. eDekka further requests the Court find Water Filters Direct is not a prevailing party.[2]

eDekka reiterates its request in its motion for leave to take discovery on the defendants' actual cost of defense. (2:15-cv-585 Dkt. No. 159). Action Envelope contends that eDekka's settlements were orders of magnitude below the cost of defense, yet Fish & Richardson clients refuse to provide discovery on their actual cost of defense. eDekka believes that the actual cost of defense is far below the "average" value, which supports that the cases were litigated in a reasonable manner.

## A. The law weighs heavily against finding an exceptional case

Courts around the country with large patent dockets, including this Court, have consistently denied motions for attorney's fees when a plaintiff filed numerous small cases and ultimately had its patent invalidated. (*See* Pl.'s Resp. p. 8-10). In the most recent district court case addressing § 285 after an invalidation under § 101, the Central District of California denied a fees request, noting that patents are presumed valid and a patentee is entitled to rely on the presumption in the face of the murky and unpredictable nature of section 101 jurisprudence.[3]

## B. eDekka's infringement position is objectively reasonable

The substantive strength of the parties' infringement positions cannot support finding this case exceptional because there is no record to support any non-infringement position. The Court

---

[1] A list of all defendants is in Defendants' motion, although two defendants have withdrawn their joinder.
[2] Water Filters is not a prevailing party because it had not joined the motions to dismiss or obtained court-ordered relief. (Resp. p. 15). Water Filters has not responded to eDekka's specific arguments; thus, it concedes it is not a prevailing party and may not recover attorney's fees under § 285.
[3] *Credit Acceptance Corp. v. Westlake Services, LLC d/b/a Westlake Fin. Srvs.*, 2:13-cv-01523-SJO-MJW, p. 10-11 (C.D. Cal. Nov. 2, 2015) (Included as Exh. G).

1

granted Defendants' § 101 motion without any claim construction and before any substantive discovery on non-infringement positions. Defendants also never filed a motion to dismiss contending that it was impossible for eDekka to prove infringement or a motion that eDekka's infringement contentions were insufficient. Any non-infringement arguments by Defendants are therefore at best speculative and do not support finding this case exceptional.

In view of the factual record developed in this case, eDekka's infringement analysis was objectively reasonable. eDekka's infringement contentions are supported by the facts and the scope of the claims in view of the embodiments in the '674 Patent. eDekka cited to the '674 Patent specification to demonstrate how the inventory layout, distributed architecture, and interactive display/icon embodiments support its infringement theory. (Pl.'s Resp. Exh. B). Action Envelope has provided no arguments or evidence to the contrary, nor had Action Envelope previously challenged the sufficiency of the contentions.

Instead, Action Envelope raised a non-infringement argument for the first time in its motion for attorney's fees. Action Envelope argues that "[i]n eDekka's infringement theory . . . a user plays no part in defining what is a label [*sic*] and what is data." (Reply p. 2). However, eDekka's infringement contentions specifically identify the user input that satisfies the "in response to user input" limitation for each claim. (Pl.'s Resp. Exh. B p. 2). Action Envelope also argues that ". . . in order to contend that every retail website infringes, eDekka ignored the claims' critical limitation that every step is performed by the user." (Mtn. p. 12). This argument is not supported by the claims, specification, or file history and instead reads a limitation into the claims. No embodiment in the patent discloses a user performing the steps of the method[4] or a user being the supporting structure to the means-plus-function claims, and Action Envelope's own citation to the file history does not support this construction.

---

[4] '674 Patent cl 5:36-46, cl 10:9-14, cl. 15:38-40, cl. 17:54-63.

At best, Action Envelope's non-infringement arguments raise claim construction disputes that need to be addressed by the Court and therefore do not support finding this case exceptional.

**C. eDekka's validity arguments are objectively reasonable**

eDekka had a reasonable basis to believe the method claims were valid, particularly due to the designating information as data or label "<u>while the information is being received</u>" element.

Over the nine years the patent application was prosecuted, in nearly every response, interview, and appeal brief, the applicant's primary patentability argument was that the prior art failed to disclose designating information as data or label "<u>while information is being received</u>." *See Examiner Interview, Nov. 1, 1994* (Examiner summarized the interview, noting that "[t]he applicant particularly pointed out that his invention is patentable over the prior art of record because none of them teaches the step of 'designating information as data or label <u>while</u> info[] is being received!'").[5] (Exh. F p. 110). The Patent Office found the examiner failed to show how the prior art taught "while the information is being received" element, and the examiner subsequently allowed the patented claims over the prior art. (Exh. F p. 131-135, 282, 290).

Just as the Patent Office held that the prior art failed to teach the "<u>while the information is being received</u>" element, eDekka argued this element is a technological advancement and requires a special purpose computer, particularly at the time of filing in 1992, twenty-three years ago. (Resp. to MTD, 2:15-cv-541 Dkt. No. 32 p. 13). Two software experts, in their review of the '674 Patent intrinsic record, also agreed with eDekka's view that this claimed feature improved the functioning of a computer and required a special purpose computer. (Barnett Decl,

---

[5] *See also Appeal Brief*, mailed Jan. 26, 1995, pgs. 9-13 (In describing the claimed invention and later arguing it being a patentable limitation over the prior art, the applicant bolded and underlined nearly every applicable instance of "<u>while the information received.</u>" E.g., "**Claim 30** relates to a method for storing information provided by a user wherein information is entered, stored and designated as "data" by user input **<u>while the information is being received</u>** and at least some of the information is designated as a "label" by user input **<u>while the information is being received</u>**.") (Exh. F p. 131-35).

3

2:15-cv-541 Dkt. No. 94 ¶7, 9). It is reasonable for eDekka to rely on the file history and experts' opinions regarding the validity of the '674 Patent.[6]

Addressing the means-plus-function claims, Federal Circuit law states that means-plus-function claims with a sufficiently disclosed structure are limited to the structures disclosed in the specification. *EON IP Holdings LLC v. AT&T Mobility LLC*, 785 F.3d 616, 624 (Fed. Cir. 2015).[7] The Federal Circuit further held that means-plus-function claims pass the machine-or-transformation (MOT) test when a computer is programmed to perform particular functions pursuant to instructions from software. *In re Alappat*, 33 F.3d 1526, 1545 (Fed. Cir. 1994). Although the MOT test is no longer the primary test, it remains a useful tool for determining eligibility and was a basis for eDekka's analysis. *Bilski v. Kappos*, 561 U.S. 593, 604 (2010). Moreover, the Federal Circuit held that making a §101 patent eligibility determination without tying the means-plus-function claims to the disclosed structures is an error as a matter of law.[8] And in post-*Alice* decisions from the PTAB, means-plus-function claims often survive § 101 challenges for the above reasons.[9] The fact that eDekka lost its validity argument does not mean it is unreasonable and does not make a case exceptional.[10]

**D. eDekka litigated the case in a reasonable manner**

eDekka's response explained the value of a license to the '674 Patent and submitted that its settlement amounts were congruent to the value of a license, for both vendors and retailers.[11]

---

[6] *See Ushijima v. Samsung Elecs. Co.*, 2015 U.S. Dist. LEXIS, at *5 (W.D. Tex. July 30, 2015).
[7] The algorithms in the specification support a finding that the '674 Patent is tied to specific structure. *See* '674 Patent, Fig. 1; Fig. 4; cl. 3:55; cl. 4:12; cl. 10:9-43; cl. 11:19-35; cl. 11:59-cl. 12:54.
[8] *In re Alappat*, 33 F.3d 1526, 1553-54 (Fed. Cir. 1994).
[9] *Ex parte Hyde*, 2012-9430, p. 3-5 (PTAB 2015); *ex parte Kuester*, 2013-1127, p. 4-6 (PTAB 2015). (Included as Exhs. H, I).
[10] *See Dietgoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, 2015 U.S. Dist. LEXIS 34782, at *8 (E.D. Tex. Mar. 20, 2015).
[11] The vendor and retailer agreements can be made available to the Court upon an order to inspect the settlements. Due to confidentiality, eDekka cannot disclose all agreements without a court order.

Action Envelope has offered no argument or evidence to the contrary and, in fact, accepted eDekka's patent valuation and the proportionality of the settlement values.

Instead, Action Envelope argues that eDekka's settlements, while reasonable in relation to the value of the patent, are unreasonable because a third-party report stated that the "average cost-of-defense" for smaller patent cases is between $600,000 to $1,000,000. (Defs.'s Reply Exh. A). Action Envelope's argument would create a *per se* rule that cases with damages less than $600,000 are always exceptional. Such a rule is inconsistent with the appropriate standard of whether the particular case "stands out from others with respect to the substantive strength of a party's litigating position … or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).

In these cases, Action Envelope does not dispute that Fish & Richardson P.C. [12] offered to defend alleged infringers for $5,000 each, which is a small fraction of the average cost-of-defense. The low cost of defense in these cases in conjunction with eDekka's settlement values demonstrates that eDekka litigated these cases in a reasonable manner. Moreover, Action Envelope's reasoning that low value settlement makes a case exceptional has been rejected by Judge Bryson, sitting by designation in this Court. *Dietgoal*, 2015 U.S. Dist. LEXIS 34782, at *16 ("If a party can reasonably hope for success on the merits . . . it does not matter whether it settles its claims for relatively small sums."). The cost of defense and settlement values therefore do not support finding that these cases are exceptional.

## CONCLUSION

For the foregoing reasons, eDekka respectfully requests that the Court deny Defendants' motion.

---

[12] Fish & Richardson P.C. represents a joint defense group in the case, representing twenty two (22) of the twenty seven (27) remaining defendants who have joined the motion for fees.

Dated: November 16, 2015                       Respectfully submitted,

By: */s/ Austin Hansley*
**AUSTIN HANSLEY P.L.L.C.**
Austin Hansley
Texas Bar No.: 24073081
Brandon LaPray
Texas Bar No.: 24087888
Benton Patterson
Texas Bar No.: 24095088
5050 Quorum Dr., Suite 700
Dallas, Texas 75254
Telephone:     (469) 587-9776
Facsimile:     (855) 347-6329
Email: Austin@TheTexasLawOffice.com
www.TheTexasLawOffice.com
**ATTORNEYS FOR PLAINTIFF
EDEKKA LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                 /s/ *Austin Hansley*
                                 Austin Hansley